UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFORDABLE HOUSING ASSISTANCE DEFINED PENSION BENEFIT PLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN MAHNKE; ELIZABETH MAHNKE; and DOES 1 through 10, inclusive,<br><br>    Defendants. | No. 2:11-cv-00847-MCE-KJN<br><br><br><br>MEMORANDUM and ORDER |

----oo0oo----

In this unlawful detainer action, The Affordable Housing Assistance Defined Pension Benefit Plan ("Plaintiff") alleges that Brian Mahnke and Elizabeth Mahnke ("Defendants") currently occupy property that was purchased by Plaintiff at a trustee's sale following Defendants' alleged default on said property. Plaintiff filed its original Complaint in Sacramento Superior Court. Defendants have since removed to this Court alleging federal question jurisdiction, pursuant to 28 U.S.C. § 1331. However, removal was improper because the instant action does not arise under federal law.

1

1  It is fundamental that federal courts are courts of limited
2 jurisdiction. <u>Vacek v. United States Postal Serv.</u>, 447 F.3d
3 1141, 1145 (9th Cir. 2006). Regardless of whether the issue is
4 raised by the parties, a district court has a duty to consider
5 the basis of subject matter jurisdiction sua sponte. <u>United
6 Investors Life Ins. v. Waddell & Reed, Inc.</u>, 360 F.3d 960, 966-67
7 (9th Cir. 2004). <u>See</u> also Fed. R. Civ. P. 12(h)(3). There is a
8 "strong presumption" against removal jurisdiction, and the
9 defendant bears the burden of establishing that removal is
10 proper. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).
11 Where removal is based on federal question jurisdiction, a
12 federal question must appear on the face of the well-pleaded
13 complaint. <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 (9th Cir.
14 1998). A defendant cannot establish subject matter jurisdiction
15 by asserting a defense arising under federal law. <u>ARCO Envtl.
16 Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of
17 Montana</u>, 213 F.3d 1108, 1113 (9th Cir. 2000).

18  In the Complaint, Plaintiff alleges unlawful detainer as its
19 sole cause of action. An unlawful detainer action does not raise
20 a federal question. <u>See</u> <u>Wadhwa v. Aurora Loan Serv., LLC</u>,
21 No. 2:10-cv-03361-WBS-DAD, 2011 WL 308416 (E.D. Cal. Jan. 27,
22 2011); <u>Aurora Loan Serv., LLC v. Gullatt</u>, No. 1:10-cv-01108-AWI-
23 DLB, 2010 WL 2574031 (E.D. Cal. June 24, 2010). Accordingly, no
24 federal question appears on the face of the Complaint. In their
25 notice of removal, Defendants claim that removal is proper
26 because Defendants filed a demurrer that raises questions of
27 federal law.
28 ///

2

However, because jurisdiction cannot be based on a defense arising under federal law, there is no basis for subject matter jurisdiction in this case.

Based on the foregoing, the case is hereby REMANDED to The Superior Court of the State of California, County of Sacramento pursuant to 28 U.S.C. § 1447(c). The Clerk is ordered to close the case.

IT IS SO ORDERED.

Dated: April 6, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE